**JAVELIN CORPORATION, a corporation, Plaintiff,**

v.

**UNIROYAL, INC., a corporation, and Tire Brands, Inc., a corporation, et al., etc., Defendants.**

No. C–73–153 RHS.

United States District Court,
N. D. California.

July 3, 1973.

Stephen P. Oggel, Sullivan, Jones & Archer, James O. Sullivan, Wayne M. Pitluck, San Diego, Cal., for plaintiff.

J. Thomas Rosch, McCutchen, Doyle, Brown & Enersen, William W. Schwarzer, San Francisco, Cal., for defendants.

OPINION AND ORDER

SCHNACKE, District Judge.

In this antitrust action, plaintiffs claim unlawful expulsion from the operation of arrangements by which defendant Uniroyal agreed to manufacture automobile tires under a common brand name exclusively for members of an organization of which plaintiff was a member. The arrangements were not dissimilar to those described recently in United States v. Topco Associates, 405 U.S. 596, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972).

252

Defendants move to dismiss for improper venue and lack of personal jurisdiction over the defendants.

Venue is attacked under the general venue statute, 28 U.S.C. § 1391(b), (c), as well as the specific venue statutes applicable to antitrust actions, 15 U.S.C. §§ 15 and 22.

Admittedly, the operations in question were nationwide and the defendants, both as to their businesses and personal residences, are scattered throughout the United States. The only significant events occurring in this District were (1) an industry-wide sales meeting occurring in San Francisco and (2) an allegedly "conspiratorial" meeting of the organization that took place in Carmel, March 16 and 18, 1970. The minutes of that meeting are attached as Exhibit 6 to plaintiff's memorandum in support of its application for a preliminary injunction and disclose that the purpose and effect of the meeting were to approve (with plaintiff's consent) the very arrangements with Uniroyal which plaintiff now claims were illegal.

It is also claimed that defendants, in carrying out the alleged conspiracy, acted as agents of defendant in this District, bringing the case within the decision in Giusti v. Pyrotechnic Industries, Inc., 156 F.2d 351 (9th Cir. 1946). Whatever the standing of *Giusti* after Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953), it is clear that the facts here are unlike *Giusti*, where the defendant, after committing various allegedly unlawful antitrust acts, sought to avoid litigation in California by simply withdrawing from doing business in the State.

Without reviewing them here in detail, the Court has carefully examined the allegations, affidavits and briefs and has concluded that neither venue nor personal jurisdiction (under Federal Civil Rule 4(e) and Calif. C.C.P. § 410.-10) is present in this District.

Accordingly, defendants' motions to dismiss are granted as to both aspects, and the complaint and action are dismissed. It is not, however, intended that this order shall in any way operate as an adjudication on the merits.